ALI ABUGHEIDA (STATE BAR NO. 285284)
aabugheida@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

Attorney for Defendant,
AUTOTRADER.COM, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JUAN BAZABAL, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

AUTOTRADER.COM, INC., a Delaware Corporation; and DOES 1-100, inclusive,

Defendants.

Case No. '26CV1769 H AHG

**NOTICE OF REMOVAL**

[Superior Court of California, County of San Diego, Case No. 26CU008296C]

**TO THE CLERK OF THE COURT AND PLAINTIFF THROUGH HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Autotrader.com, Inc. ("Autotrader"), by and through its undersigned counsel, hereby removes to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 as amended in relevant part by the Class Action Fairness Act of 2005, the above-captioned action, which was originally filed in the Superior Court of California, County of San Diego, and assigned Case No. 26CU008296C. Prior to filing this Notice of Removal, Autotrader met and conferred with counsel for Plaintiff Juan Bazabal.

In support of this Notice of Removal, Autotrader states as follows:

## I. BACKGROUND

1. On February 17, 2026, Plaintiff Juan Bazabal ("Plaintiff") commenced this action in San Diego County Superior Court by filing a Complaint entitled *Juan Bazabal, on behalf of himself and all others similarly situated v. AUTOTRADER.COM, INC., a Delaware corporation, and DOES 1-100, inclusive* (the "Action").

2. Plaintiff served the Complaint on Autotrader's registered agent on February 20, 2026. *See* Exhibit A ("Compl."). No other defendant has been named or served.

3. A copy of all filings and docket report in the state action is attached hereto as Exhibits A-H, as required by 28 U.S.C. § 1446(a) as follows:

a. Exhibit A—Complaint;
b. Exhibit B—Summons;
c. Exhibit C—Civil Case Cover Sheet;
d. Exhibit D—Notice of Case Assignment;
e. Exhibit E—Notice to Litigants;
f. Exhibit F—Stipulation to Alternative Dispute Resolution Process;

g. Exhibit G—Proof of Service of Summons; and

h. Exhibit H—Docket Report.

No other pleading or order has been filed or served in the Action.

4. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff and filed with the Clerk of the California Superior Court for the County of San Diego, as an exhibit to a Notice of Filing of Notice of Removal.

5. Plaintiff asserts five causes of action in his Complaint, alleging violation of the California Invasion of Privacy Act, Cal. Penal Code § 630 *et seq.*; Wiretap Act, 28 U.S.C. § 2510 *et seq.*; California Computer Data Access and Fraud Act, Cal. Penal Code § 502; Invasion of Privacy, Cal. Constitution Art. 1, § 1; and California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*

## II. REMOVAL IS PROPER[1]

### A. Federal Question Removal Is Proper.

6. Removal is proper because this action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Autotrader pursuant to the provisions of 28 U.S.C. § 1441(a), because it arises under the federal Wiretap Act, 18 U.S.C. § 2510 *et seq.*

7. This Court has supplemental jurisdiction over all other claims asserted in the Complaint pursuant to 28 U.S.C. § 1367(a) and 28 U.S.C. § 1441(c) because they are based on the same facts and circumstances as the federal Wiretap Act claim. The remaining causes of action in the Complaint concern Autotrader's alleged installation and use of tracking technologies to collect identifying information of visitors to its website and to intercept certain information regarding visitors' interactions with the website without consent. *See, e.g.*, Compl. ¶¶ 112–173. Even if

[1]By removing the action to this Court, Autotrader does not waive any defenses that are available to it under state or federal law. Autotrader expressly reserves all threshold defenses to this action and its right to move to compel arbitration, to dismiss or for the entry of judgment pursuant to Federal Rules of Civil Procedure 12 and 56, and/or to strike or oppose the certification of any putative class pursuant to Federal Rule of Civil Procedure 23.

this Court did not have supplemental jurisdiction over the remaining claims (it does), the entire action is still removable under 28 U.S.C. § 1441(c)(1)(B), which provides that the entire action may be removed even where some claims are not within the original or supplemental jurisdiction of the Court.

**B. <u>Class Action Fairness Act Removal Is Proper.</u>**

8. In addition to removal under federal question jurisdiction, this action is removable pursuant to 28 U.S.C. § 1441, which permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," and the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). CAFA grants U.S. District Courts original jurisdiction over, and permits removal of, class actions in which: (i) any member of a class of plaintiffs is a citizen of a State different from any defendant (minimal diversity); (ii) the defendant is not a governmental entity; (iii) the proposed class contains at least 100 members; and (iv) the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

9. "[N]o antiremoval presumption attends cases invoking CAFA, in part because the statute was enacted to facilitate adjudication of certain class actions in federal court." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992–93 (9th Cir. 2022) (citation omitted).

10. As set forth below, this case meets all the requirements for removal under CAFA because there is at least one plaintiff who is a citizen of a state different from that of Autotrader (who is not a state, state official, or other governmental entity), there are more than 100 putative class members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

**a. <u>Minimal Diversity of Citizenship.</u>**

11. Minimal diversity exists in this case because at least one plaintiff or putative class member is a citizen of a different state than any defendant.

12. Plaintiff alleges that he "is a citizen of California." Compl. ¶ 6.

13. Plaintiff seeks to represent a nationwide class of "[a]ll United States

residents who accessed the Website and had their identifying information and website behavior data collected by the Trackers without consent and/or despite declining consent two years prior to the filing date of this Complaint through the date of an order granting class certification and/or a motion for preliminary approval of class action settlement." Compl. ¶ 103. Plaintiff also seeks to represent a California subclass who accessed the Website and allegedly had their identifying information collected in the same manner within the same time period as the nationwide class. *Id.* Further, Plaintiff alleges that he "and Class members are citizens of California." *Id.* ¶ 154.

14. Plaintiff alleges that Autotrader "is a Delaware Corporation, with its principal place of business located in Atlanta, Georgia." *Id.* ¶ 7. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (corporations are citizens of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated") (citing 28 U.S.C. § 1332(c)(1)).

15. Accordingly, because Plaintiff and putative class members are citizens of a state different from Autotrader, there is minimal diversity of citizenship among the Parties under CAFA. 28 U.S.C. § 1332(d)(2).

**b. <u>Autotrader Is Not a Governmental Entity.</u>**

16. Autotrader is not a State, State official, or other government entity. CAFA's non-governmental entity requirement is therefore satisfied. 28 U.S.C. § 1332(d)(5)(A).

**c. <u>The Proposed Class Exceeds 100 Members.</u>**

17. The Complaint states that "Plaintiff is informed and believe [sic] that the members of the Class are so numerous that joinder of all members is impracticable." Compl. ¶ 105. Upon information and belief, there were more than 5,000 unique visits from the United States to Autotrader's website in the year before the Complaint was filed. *See Balanzar v. Fid. Brokerage Servs.*, LLC, 654 F. Supp. 3d 1075, 1082 (S.D. Cal. 2023) ("CIPA is subject to a one-year statute of

limitations"); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1069 (N.D. Cal. 2021) ("the statute of limitations for [a federal] Wiretap Act claim is 'two years after the date upon which the claimant first has a reasonable opportunity to discover the violation'"); *Ehrman v. Cox Communications, Inc.*, 932 F.3 1223, 1226 (9th Cir. 2019) (defendant's "assert[ions] based on information and belief" are sufficient to establish CAFA jurisdiction). Accordingly, the proposed class is greater than the 100-member threshold for CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(5)(B).

**d. <u>The Amount In Controversy Exceeds $5,000,000.</u>**

18. The amount in controversy is the amount at stake in the underlying litigation. *Jauregui*, 28 F.4th at 994. Importantly, this "does not mean likely or probable liability; rather, it refers to possible liability." *Id.* (citation omitted).

19. "[A] defendant's notice of removal need include only a plausible allegation" that the requirements of CAFA are satisfied. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Evidence establishing the amount in controversy is required only when the plaintiff contests or the court questions a defendant's assertion. *Id.*; *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924-25 (9th Cir. 2019) (same).

20. Autotrader denies the validity and merit of Plaintiff's alleged claims and disputes that this action is appropriate for class treatment under Federal Rule of Civil Procedure 23. But for purposes of setting the grounds for this Court's subject matter jurisdiction—and without conceding that Plaintiff or the putative class are entitled to any damages or any relief whatsoever—it is apparent from the Complaint that Plaintiff seeks sufficient damages on behalf of himself and the class to satisfy CAFA.

21. Although the Complaint does not include a specific total monetary demand, it alleges Autotrader violated, *inter alia*, CIPA and the federal Wiretap Act each time a user visited Autotrader's website. Compl. ¶ 8 & Prayer for Relief ¶¶ 4, 5. The Complaint seeks statutory damages of $5,000 for each CIPA violation and $10,000 for each Wiretap Act violation. *Id.* On information and belief, there were at

least 5,000 unique users who visited Autotrader's website in the United States in the year before the Complaint was filed.

22. As such, based on the allegations in the Complaint, the potential amount in controversy exceeds $5,000,000.

23. Plaintiff also seeks recovery of attorneys' fees and costs. While Autotrader does not concede that this relief is recoverable under the claims asserted by Plaintiff, the potential award of attorneys' fees and costs can be considered in determining whether the minimum amount in controversy under CAFA is met. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Arias*, 936 F.3d at 927. Given that an attorneys' fee award in a certified class action could amount to twenty-five percent (25%) or more of the aggregate recovery, this claim for relief increases the amount in controversy by an additional 25%. *See Jasso v. Money Mart Exp., Inc.* No. 11-CV-5500 YGR, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012).

24. Plaintiff's request for injunctive relief also factors into the amount in controversy. *See* Compl., Prayer for Relief ¶ 8. "It is proper under CAFA to consider the defendant's cost of compliance with an injunction just as it is proper to consider the plaintiff's benefit from the injunction." *Guerard v. CNA Fin. Corp.*, No. C 09-01801 SBA, 2009 WL 10710608, at *3 (N.D. Cal. July 31, 2009) (citing *Tompkins v. Basic Research LLC*, No CIV. S-08-244 LKK/DAD, 2008 WL 1808316, at *4 (E.D. Cal. Apr. 22, 2008)). In determining the value of injunctive relief for purposes of the amount in controversy, the Ninth Circuit utilizes the "either viewpoint" rule, under which the amount in controversy is the financial burden the judgment could produce to either party. *Lokey v. CVS Pharmacy, Inc.*, No. 20-cv-04782-LB, 2020 WL 5569705, at *5 (N.D. Cal. Sept. 17, 2020).

25. Autotrader denies that it has any liability to Plaintiff, to any putative class member, or to any other individual(s), and denies that the putative class could be certified for class treatment. Nevertheless, the aggregate amount placed in

controversy by Plaintiff's Complaint, including statutory damages, attorneys' fees, and injunctive relief, exceeds $5,000,000.

**C. <u>Notice Of Removal Is Timely.</u>**

26. This Notice of Removal is timely filed. Under 28 U.S.C. § 1446(b)(2)(B), "[e]ach defendant shall have 30 days after . . . service on that defendant of the initial pleading or summons . . . to file the notice of removal." *See also* 28 U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446[.]"). Here, Autotrader was served on February 20, 2026, and filed this Notice of Removal on March 20, 2026, within thirty days after service of the Complaint. *See Osgood v. Main Streat Mktg., LLC*, 2016 WL 6698952, at *1 (S.D. Cal. Nov. 15, 2016).

**D. <u>Venue For Removal.</u>**

27. Because this action was initially brought in the San Diego County Superior Court, venue for purposes of removal is proper in this Court under 28 U.S.C. § 128(a), as this District embraces San Diego County, California, the place where the removed action has been pending. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

**E. <u>Notice Of Filing Of Notice Of Removal.</u>**

28. In accordance with 28 U.S.C. § 1446(d), Autotrader will promptly provide written notice to counsel of record for Plaintiff and will promptly file a copy of this Notice of Removal with the San Diego County Superior Court.

## III. <u>CONCLUSION</u>

WHEREFORE, Defendant Autotrader.com, Inc., hereby removes this action to this Court for all future proceedings.

Dated: March 20, 2026

Orrick, Herrington & Sutcliffe LLP

By: */s/ Ali Abugheida*
ALI ABUGHEIDA
Attorney for Defendant
AUTOTRADER.COM, INC.